UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Corey Dane Smith,<br><br>      Petitioner<br>v.<br><br>State of Nevada, et al.,<br><br>      Respondents | Case No. 2:24-cv-01604-JAD-BNW<br><br>**Order Dismissing Habeas Petition without Prejudice and Closing Case**<br><br>[ECF Nos. 1-1, 4] |

*Pro se* Petitioner Corey Dane Smith filed this 28 U.S.C. § 2241 petition for writ of habeas corpus,[1] seeking federal review of his ongoing state criminal case and pretrial detention. Smith applies to proceed *in forma pauperis*,[2] and with good cause appearing I grant his application. But on initial review under the Habeas Rules,[3] I find that Smith's claims are unexhausted, and that federal abstention is required, so I dismiss his petition without prejudice.

### Background

Smith is challenging his charge of attempt invasion of the home in the Eighth Judicial District Court for Clark County. In his petition for federal habeas relief, Smith asserts that he has not been convicted. He further asserts that he is challenging the validity of the elements of the crime and the sufficiency of the evidence. According to Smith, the police officer who arrested him refused to gather exculpatory evidence. So he argues that the allegations against him should be dismissed.

### Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[4] This rule allows

---

[1] ECF No. 1-1.

[2] ECF No. 4.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[5] or plagued by procedural defects.[6] Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[7]

A claim remains unexhausted until the petitioner has raised the claim through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available.[8] To properly exhaust state remedies, a petitioner must "present the state courts with the same claim he urges upon the federal court."[9] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[10] The claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."[11]

Smith has not properly and fully exhausted his state-court remedies because he has not presented the claims alleged in his federal habeas petition to the state district court, much less the Nevada appellate courts, as the exhaustion requirement mandates. Dismissal of Smith's federal habeas petition is appropriate on this basis alone. Even if I found that Smith had exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him.[12] The comity-based *Younger* abstention doctrine prevents

---

[5] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[6] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[7] *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018).

[8] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

[9] *Picard v. Connor*, 404 U.S. 270, 278 (1971).

[10] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

[11] *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[12] *E.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[13] The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[14] Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case.[15]

This case does not present extraordinary circumstances. Smith challenges the elements of the crime, the sufficiency of the evidence, and his pretrial detention related to his pending state criminal proceeding. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Smith's situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, Smith's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights. Because he faces no extraordinary or irreparable injuries, federal abstention is required. And because the charges against Smith are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner Smith's application to proceed *in forma pauperis* **[ECF No. 4] is GRANTED**.

IT IS FURTHER ORDERED that Smith's petition for writ of habeas corpus **[ECF No. 1-1] is DISMISSED without prejudice.**

---

[13] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[14] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[15] *Younger*, 401 U.S. at 46.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by **adding Nevada Attorney General Aaron D. Ford as counsel for respondents** and to **provide respondents an electronic copy** of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.
- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 7, 2024